March 9, 1953.

Record No. 4044.

Present, All the Justices.

The opinion states the case.

*James, Richardson and James,* for plaintiffs in error.

*Hall and Martin,* for defendant in error.

BUCHANAN, J., delivered the opinion of the court.

On November 25, 1950, Henry C. Richardson was injured in a collision between an automobile in which he was riding and one driven by Ralph Seymour and owned by Burford Buick Corporation. On April 11, 1951, Richardson brought an action

for damages against Seymour and the corporation.. On November 9, 1951, before the case was tried, Richardson died of a heart attack, not related to the injuries received in the accident. On January 26, 1952, the action was revived in the name of Richardson's administratrix and thereafter was tried by a jury which returned a verdict for the plaintiff for $10,000, on which the court entered the judgment to which this writ of error was granted.

It is not disputed that the evidence was sufficient to establish that the accident was due to the negligence of Seymour, and the liability of the defendants is not now at issue. The main question on this appeal is whether the mental anguish, pain and suffering of the decedent, Richardson, were proper elements of damage. Over the objection of the defendants the court admitted evidence of those elements, instructed the jury that it was proper to take them into consideration and refused an instruction offered by the defendants that they were not proper elements of damage.

The defendants contend that recovery for mental anguish, pain and suffering is expressly prohibited by section 8-628.1 of the Code, as follows:

"No cause of action for injuries to person or property shall be lost because of the death of the person liable for the injury. No cause of action for injuries to person or property shall be lost because of the death of the person in whose favor the cause of action existed, provided, however, in such action no recovery can be had for mental anguish, pain or suffering, * *."

This section was added to the Code by Acts 1950, chapter 481, page 948, entitled "AN ACT *to amend the Code of 1950 by adding a section numbered 8-628.1 to provide for the survival of certain actions.*" By Acts 1952, chapter 378, page 671, a proviso was added limiting the time for bringing action. Code, Section 8-628.1, 1952 Cum. Supp.

The trial court held that section 8-628.1 does not apply where an injured person brings suit and thereafter, prior to trial, dies from a cause not connected with his injuries, as was the case here; but that it applies only where the person injured dies from a cause unrelated to his injuries without having brought suit therefor. The court was of opinion that section 8-640, applied to the situation in this case, where the action was commenced by Richardson himself.

Section 8-640 of the Code provides that "the right of action" under sections 8-633 and 8-634 (which are the statutes giving a right of action for death by wrongful act, neglect or default), shall not abate by the death of the defendant; and that when an action for damages is brought by a person injured by another's wrongful act, neglect or default, and the injured person dies pending the action, the action shall not abate but may be revived in the name of his personal representative.

Section 8-640 is the present form of section 2906 of the Code of 1887, as amended. The original section 2906 provided that if a person injured by the wrongful act, neglect or default of another bring suit and then die pending the action, "and his death is caused by such wrongful act, neglect or default," his action might be revived in the name of his personal representative, and the pleadings should thereupon be amended to conform to an action under the wrongful death statutes. By an amendment made in 1894, Acts 1893-94, chapter 88, page 83, the quoted words and the provision for amending the pleadings were omitted from the statute, and in *Birmingham* v. *Chesapeake &c. R. Co.*, 98 Va. 548, 37 S. E. 17, decided in 1900, it was held that the object of the amendment was not to make all actions for personal injuries revivable, but to give a right of revival in cases where the person injured died pending the action "without regard to the cause of death," which right of revival did not exist before the amendment "except in those cases where the plaintiff died as a result of the injuries."

Section 2906 of the 1887 Code, as amended by the 1894 act, and as revised, became section 5790 of the Code of 1919. The Revisors' Note to that section explained that it was not intended by the revision to change the holding in the *Birmingham* case, and the legislature was requested to make the needed changes. This was done by Acts 1920, chapter 26, page 27, amending section 5790 to make it read as section 8-640 does now, except for the final sentence of the act, with which we are not presently concerned.*

The Revisors also added this note to section 5790: "For a personal injury not resulting in death, for which no action is

---

* Section 5790 was again amended by Acts 1928, chapter 446, page 1141, by adding a sentence in practically the same language (except that it contained the words "not resulting in death") as the second sentence inserted in section 5786 by Acts 1926, chapter 507, page 858, now the second sentence of section 8-633.

brought by the injured party in his lifetime, no provision is now, or has ever been made, and it simply dies as at common law." See also *Anderson* v. *Hygeia Hotel Co.*, 92 Va. 687, 24 S. E. 269; 1 Am. Jur., Abatement and Revival, § 133, p. 92.

Section 8-640, as noted above, gives a right of revival in cases where the plaintiff dies pending the action, without regard to the cause of death. *Birmingham* v. *Chesapeake &c. R. Co., supra.* In such case if death resulted from the injury, the pleadings are required to be amended, and the case proceeded with as if brought under the death by wrongful act statutes. In that event there could be no recovery for the mental anguish, pain or suffering of the decedent. *Virginia Iron &c. Co.* v. *Odle's Adm'r,* 128 Va. 280, 309, 105 S. E. 107, 116; 5 Mich. Jur., Death by Wrongful Act, § 16, p. 629.

But the plaintiff argues that since her decedent's death did not result from the injury and since the action brought by him was revived in her name as his personal representative, she prosecutes his action and is entitled to recover the same damages as he would have been entitled to recover, which would have included his pain and suffering. See *Norfolk &c. Ry. Co.* v. *Marpole,* 97 Va. 594, 600, 34 S. E. 462, 464; 5 Mich. Jur., Damages, § 30, p. 519. In support of her contention she cites *Anderson* v. *Hygeia Hotel Co., supra.*

In that case an injured plaintiff claimed that the revival provision in what was then section 2906 of the 1887 Code (now § 8-640) caused the limitation of his action to be five years under section 2927 of the 1887 Code (now § 8-24). In holding that a one-year limitation applied, the court said that the legislature in enacting the death by wrongful act statutes "plainly did not intend to continue or cause to survive his [plaintiff's] right of action for the injury, but to substitute for it and confer upon his personal representative a new and original right of action." 92 Va. at p. 691, 24 S. E. at p. 271. It was further said that if the effect of the statute was to cause the "right of action" of the injured person to survive, the suit by his personal representative would be to recover damages for the injury the deceased had sustained and the detriment caused to his estate; that there would be the same elements of damage for the consideration of the jury, and the evidence "would mainly relate to and the damages be for the physical and mental suffering

of the deceased and the injury and loss generally sustained by him and his estate. * * *.'' 92 Va. at p. 693, 24 S. E. at p. 271.

The *Anderson* case, however, was dealing with the effect of the statutes of limitation on the *right* of action. "It is frequently the case that more or less confusion arises from a failure to distinguish between the cause and the right of action. 'A cause of action is said to accrue to any person when that person first comes to a right to bring an action. There is, however, an obvious distinction between a cause of action and a right, though a cause of action generally confers a right. * * *.' '' *Lewis' Adm'r* v. *Glenn, Trustee,* 84 Va. 947, 979, 6 S. E. 866, 882. *Mercer* v. *Richmond,* 152 Va. 736, 744, 148 S. E. 803, 805. In the latter case the question was whether the sixty-day notice of injury required by city ordinance to be given before a suit could be maintained related to the date of the injury or to the qualification of the personal representative of the injured person whose death resulted from the injury. The court said that it agreed with the principle stated in the *Anderson* case, and other cases cited, that the *right of action* which accrued to the administrator upon the death of his intestate was entirely different from the right of action which accrued to the injured party, but that the right of action referred to in those cases "is entirely different from the cause of action."

"A right of action is the right to bring suit in a case and may be taken away by the running of the Statute of Limitations, through an estoppel, or by other circumstances which do not affect the cause of action." 1 Am. Jur., Actions, § 3, p. 405.

"The cause of action means the act or omission constituting the violation of duty complained of." *State* v. *Jarrett,* 90 W. Va. 180, 110 S. E. 568, 569. Black's Law Dict., De Luxe Ed., p. 293.

"The cause of action contemplated by our statute is not the death itself, but the tort which produces the death, and this is the same cause of action for decedent's injuries, and, as such, subject to its infirmities as an actionable cause." *Street* v. *Consumers Min. Corp.,* 185 Va. 561, 572, 39 S. E. 2d 271, 275.

In *Hoffman* v. *Stuart,* 188 Va. 785, 791, 51 S. E. 2d 239, 242, after referring to the holding in *Anderson* v. *Hygeia Hotel Co., supra,* we said:

"It is made plain in the later cases of *Brammer* v. *Norfolk &c. R. Co.,* 107 Va. 206, 57 S. E. 593; *Virginia Elec., &c. Co.* v.

*Decatur,* 173 Va. 153, 3 S. E. 2d 172 (dissenting opinion 4 S. E. 2d 294); and *Street* v. *Consumers Mining Corp.,* 185 Va. 561, 39 S. E. 2d 271, 167 A. L. R. 886, that it is the *cause* of action of the injured person that the personal representative prosecutes."

It must be presumed that the legislature had these distinctions in mind when it enacted section 8-628.1 of the Code and in it provided that "No cause of action for injuries to person or property shall be lost because of the death of the person in whose favor the cause of action existed, provided, however, in such action no recovery can be had for mental anguish, pain or suffering, * *."

It must also be presumed that the legislature knew that in section 8-640 provision had already been made for revival of the action brought by a plaintiff who afterwards died, and that if death resulted from the wrongful act, no recovery could be had in the revived action for the mental anguish, pain or suffering of the decedent.

We can find no warrant, therefore, for the view that into the comprehensive language of section 8-628.1 there must be read an exception making it inapplicable to actions brought by the injured person and applicable only to cases where the injured person had brought no action. That section provides in effect that "no cause of action" for injury shall be lost (as it would have been at common law) because of the death of the person injured, but in an action for damages for the injury there shall be no recovery for mental anguish, pain or suffering. If it had been the legislative purpose to exclude from the rule thus laid down, actions that had been brought during the life of the deceased and revived in the name of his personal representative under section 8-640, it would have been easy to provide for that. On the contrary, the statute as written deals with the *cause of action* and takes away an element of the cause of action whether the action therefor is begun by the injured person in his lifetime or by his personal representative after his death, as a condition of allowing the right of action for that cause to survive.

Section 8-640, permitting the revival of an action for personal injuries brought by the injured person in his lifetime, does not deal with elements of damage belonging to the revived action. Section 8-628.1 does deal with those elements to the extent of excluding mental anguish, pain and suffering there-

from. The latter, which is also the later, section must, we think, be given the scope covered by its broad language and be held to apply to the right of revival of actions for injuries, whether begun by the injured person or by his personal representative. Where inconsistent and irreconcilable provisions are found in statutes they must be construed so as "to give effect to the latest expression of the legislative intent." *Williamson v. Wellman*, 156 Va. 417, 430, 158 S. E. 777, 781.

To give the language of section 8-628.1 its natural effect makes uniform the rule as to mental anguish, pain or suffering in suits prosecuted by personal representatives, whether under the death by wrongful act statutes or for injuries which did not cause. the death; and avoids the illogic of allowing damages for those elements in an action brought by the injured person and revived in the name of his personal representative, but not in an action for the same cause if brought originally by his personal representative.

Our conclusion is that the case should be remanded for a new trial only on the question of damages, which makes it unnecessary to discuss the assignment of error relating to the amount of the judgment. On such trial evidence as to an odor of alcohol on the breath of Seymour, the driver, which is the subject of defendants' assignment of error No. 2, would be irrelevant.

However, that part of the closing argument of plaintiff's counsel which is the basis for assignment of error No. 6, was improper and should not be repeated. This was the argument objected to:

"All Mrs. Richardson asks you gentlemen to do when you retire to your jury room is to apply the Golden Rule. 'Do unto her as you wish that you would be done.' "

The important rule so attempted to be invoked was designed to regulate the conduct of men among themselves before they bring their controversy to a jury. The function of the jury is to decide according to the evidence, not according to how its members might wish to be treated. *Lorillard Co. v. Clay*, 127 Va. 734, 752, 104 S. E. 384, 390.

The judgment below is reversed and the case remanded for a new trial on the question of damages to be determined consistently with this opinion.

*Reversed and remanded.*