## Staunton

### Violet Sherley v. Philip Lee Lotz, Administrator of the Estate of Edgar H. Lusk, Deceased.

September 10, 1958.

Record No. 4784.

Present, Eggleston, C. J., and Spratley, Buchanan, Miller, Whittle and Snead, JJ.

The opinion states the case.

*Wayt B. Timberlake, Jr.*, for the plaintiff in error.

*George M. Cochran* and *Philip Lee Lotz* (*Charles S. Mayfield*, on brief), for the defendant in error.

Opinion by Chief Justice Edward W. Hudgins.[*]

█ It is alleged in the motion for judgment filed by Philip Lee Lotz as administrator upon the estate of Edgar H. Lusk, that the decedent died on or about November 15, 1953, as a result of personal injuries sustained on June 5, 1953, when an automobile in which he was riding as a guest was struck on the highway in Tennessee by an automobile owned and operated by Violet Sherley, the defendant. The court overruled defendant's plea of the statute of limitations and entered judgment on the verdict of the jury for $8,000.00 for plaintiff. From that judgment this writ of error was awarded.

At the time of the accident Edgar H. Lusk and Violet Sherley were residents of the State of Tennessee. In August, 1953, Violet Sherley left Tennessee and moved to Oklahoma. On April 30, 1954, she moved to Waynesboro, Virginia, where on October 5, 1954, this action was instituted against her. The parties will be designated as plaintiff and defendant, according to the positions they occupied in the lower court.

The action is based on § 8236 of the 1950 Supplement to the Code of Tennessee and § 8240 of the Code of 1932. These statutes, introduced in evidence and copied in the record as a part of plaintiff's case, are as follows:

§ 8236—"The right of action which a person who died from injuries received from another, or whose death is caused by the wrongful act, omission or killing by another, would have had against the wrongdoer in case death had not ensued shall not abate or be extinguished by his death but shall pass to his widow, and in case there is no widow to his children or to his next of kin; or to his personal representative for the benefit of his widow or next of kin; where his or her natural parents or parent or next of kin are unknown, then to his or her legally adoptive parent or parents or to the administrator

---

[*] This opinion was prepared by former Chief Justice Hudgins before his death and is adopted as the opinion of the court.

for the use and benefit of the said adoptive parent or parents; the funds recovered in either case to be free from the claims of creditors."

§ 8240—"Where the person's death is caused by the wrongful act, fault, or omission of another and suit is brought for damages as provided for by Sections 8236 to 8237 inclusive, the parties suing shall, if entitled to damages, have the right to recover for the mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action survives from the death, consequent upon the injuries received."

It is conceded that the Tennessee statutes prescribing plaintiff's rights do not create a new cause of action, but merely preserve from abatement or extinguishment the right of action which a person dying from the wrongful act of another would have had against the wrongdoer had death not ensued. It is also conceded that the Tennessee statutes providing for the survival of a right of action for personal injuries in the event of the death of the injured party as a result of such injuries, contain no specific period of limitation in which such action must be brought. The Tennessee court has consistently held that the general statute of limitations of one year from date of injury applies to all actions for personal injuries in that state. *Whaley* v. *Catlett*, 103 Tenn. 347, 53 S. W. 131; *McDaniel* v. *Mulvihill*, 196 Tenn. 41, 263 S. W. 2d 759. See *Wilson* v. *Massengill*, 124 F. 2d 666.

These facts bring the question of the limitation of the action within the law of the forum. In *Norman* v. *Baldwin*, 152 Va. 800, at page 805, 148 S. E. 831, we quoted with approval from 7 Fletcher's Cyc. Corp., pp. 7452-3, as follows:

"Where the statute imposing liability and creating the remedy does not itself limit the time within which a action to enforce it must be brought, but leaves the matter to be governed by the general statute of limitations, the laws of the forum will govern in determining whether an action brought in a state other than that by which the corporation was created is barred, since general statutes of limitation relate to the remedy and have no extra-territorial force."

Among other authorities so holding see *Tieffenbrun* v. *Flannery*, 198 N.C. 397, 151 S. E. 857, 68 A. L. R. 210; 15 CJS, Conflict of Laws, § 22 (e) p. 953; 11 Am. Jur., Conflict of Laws, § 194, p. 509.

The decisive question raised is whether the period of limitation of one year from decedent's death, as prescribed in Code § 8-633

(the Virginia Act for wrongful death), or one of the two periods of limitation from the date of the accident, prescribed in Code § 8-24, as it read prior to the 1954 amendment, applies.

The trial court, in overruling defendant's plea, held that the one year period of limitation beginning from the date of death of the injured party (in this case November 15, 1953), as provided in § 8-633, applied. This statute authorizes the personal representative of the decedent designated by § 8-634 to institute against the wrong-doer a separate action, or revive the one begun by the injured party in his lifetime for the benefit of the beneficiaries named. While the statute, strictly speaking, may not create a new cause of action, it continues, transmits or substitutes the right, with certain limitations stated in the cognate statutes, to bring the action which decedent had at the time of his death. *Anderson* v. *Hygeia Hotel Co.*, 92 Va. 687, 24 S. E. 269; *Virginia Electric & Power Co.* v. *Decatur*, 173 Va. 153, 3 S. E. 2d 172, dissenting opinion 4 S. E. 2d 294; *Street* v. *Consumers Mining Corp.*, 185 Va. 561, 39 S. E. 2d 271, 167 A. L. R. 886, and *Seymour* v. *Richardson*, 194 Va. 709, 75 S. E. 2d 77, and authorities therein cited.

The right of survival of such an action to the injured party's personal representative is based on the conditions that the amount of recovery may not exceed a specified sum ($25,000.00 on June 3, 1953), and that no recovery shall be allowed for medical expenses, doctors' bills, pain, suffering and mental anguish sustained by the decedent. These statutes, § 8-633 to § 8-640, have no extra-territorial effect. *Withrow* v. *Edwards*, 181 Va. 344, 25 S. E. 2d 343; *Maryland* v. *Coard*, 175 Va. 571, 9 S. E. 2d 454. Furthermore, the period of limitation of one year from the date of the death of the injured party is in express terms restricted to actions brought and maintained under them.

Plaintiff evidently knew that he could not institute and maintain this action under the Virginia statutes for wrongful death, nor did he attempt to do so. He based his right of action upon the laws of Tennessee, and, as heretofore stated, introduced the pertinent statutes of Tennessee in evidence as a part of his case. And, in accord with the laws of Tennessee, but contrary to the provisions of the Virginia statutes, he claimed damages in the sum of $35,000.00, $10,000.00 in excess of that allowed by the Virginia statutes, and compensation for pain, suffering and mental anguish sustained by decedent, plus medical, hospital and funeral expenses incurred.

To extend the period of limitation in this case to one year from the date of the death of the injured party would be doing violence to the plain language of the Virginia statute. See *Larue* v. *C. G. Kershaw Contracting Co.*, 177 Ala. 441, 59 So. 155.

■ Both plaintiff and defendant rely upon the periods of limitation stated in Code § 8-24. Plaintiff contends that his action is one for which no period of limitation is otherwise prescribed and, therefore, the five year period of limitation applies. Defendant contends that it is an action of such nature that the right to maintain it at common law dies with the injured party and, therefore, the one year period of limitation applies. The statute in force on the day of the accident read as follows:

"Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued."

Plaintiff in effect concedes that prior to the Acts of 1950, ch. 481, amending Code § 8-628, the one year period of limitation for personal injuries applied, but he contends that this amendment extended the limitation (in § 8-24) from one to five years.*

Prior to the amendment, no action for personal injuries not resulting in death could be maintained against the wrongdoer unless such action was brought by the injured party prior to his death. The amendment changed this rule of common law and made such action survive the death of the injured person on condition that no recovery could be had for "mental anguish, pain or suffering." *Seymour* v. *Richardson, supra.*

Plaintiff argues that that part of the statute changing the common law rule and making such rights of action survive the death of the injured party should be construed as a part of Code § 8-24 and bring

---

* This amendment, codified in the 1956 Cumulative Supplement as § 8-628.1, and in the 1957 Replacement to Vol. 2 of the Code, is as follows:

"No cause of action for injuries to person or property shall be lost because of the death of the person liable for the injury. No cause of action for injuries to person or property shall be lost because of the death of the person in whose favor the cause of action existed, provided, however, in such action no recovery can be made for mental anguish, pain or suffering."

the period of limitation within the five year period rather than within the one year period therein prescribed.

This same contention was made and rejected in the recent case of *Herndon* v. *Wickham*, 198 Va. 824, 97 S. E. 2d 5. There is no necessity to re-state our reasons, or review the authorities, for rejecting plaintiff's argument as this was well done by Mr. Justice Miller, speaking for the Court in the above case, who, after reviewing the history of the statutes and the various decisions of the Court construing them, concluded the opinion by stating:

"Our decisions and the history of the several enactments since Acts 1877-78, ch. 238, p. 221, do not indicate any intent on the part of the legislature when it enacted Acts 1950, ch. 481, p. 948, to change the statute of limitations from one to five years on causes of action for personal injury . . . . . . . . Former interpretations of the statutes, their history and evident purpose negative such intent, and we are satisfied that the limitation applicable to an action for personal injury when this cause of action arose was one year."

This legislative intention not to extend the period of limitations of actions for personal injuries to five years was made even more manifest by the 1952 amendment (Acts of 1952, ch. 378, p. 671) when there was added to the statute the following language: "Provided, however, that no such action for personal injuries except an action brought by any person under disability at the time of the injury may be brought more than one year after the injuries occurred."

While the 1954 amendment (Acts of 1954, ch. 607, p. 782) is not pertinent to the issue in this case, it is interesting to note that in extending the one year period of limitation of such an action to two years, the legislature used this language:

"Nothing contained in this section shall be construed to extend the time within which an action for any other tort shall be brought, nor to give the right to assign a claim for a tort not otherwise assignable. The amendment extending the period within which an action may be brought under this section to two years shall not apply to any cause of action arising prior to July one, nineteen hundred fifty-four."

The judgment of the trial court overruling defendant's plea of the statute of limitations is reversed, the verdict of the jury set aside, the judgment of the court thereon reversed, and a final judgment sustaining the plea of the statute of limitations will be entered.

*Reversed and final judgment.*