# CHARLOTTE JONES, ADMINISTRATOR, ETC.

### v.

# R. S. JONES AND ASSOCIATES, INC., ET AL.

Record No. 920769

June 11, 1993

Present: All the Justices

4

*Thomas L. Rasnic (Rasnic & Rasnic*, on brief), for appellant.
*William W. Eskridge (Richard E. Ladd, Jr.; Penn, Stuart, Eskridge & Jones*, on brief), for appellee R.S. Jones and Associates, Inc.
*Elsey A. Harris, III (Mullins, Thomason & Harris*, on brief), for appellee Piedmont Aviation, Inc.

CHIEF JUSTICE CARRICO delivered the opinion of the Court.

This appeal involves a conflict of laws in the context of a wrongful death case. The conflict stems from the death in Florida of Ben A. Jones, Sr., a Virginia resident, who was killed when the plane he was piloting crashed on take-off from Pompano Beach.[1]

The fatal crash occurred on October 12, 1987. On October 5, 1989, almost two years later, Charlotte Jones, administrator of Ben Jones' estate (the plaintiff), filed a motion for judgment in the Circuit Court of Lee County seeking damages for the decedent's death. Named as defendants were R. S. Jones and Associates, Inc. (Jones Inc.), the owner of the plane, and Piedmont Aviation, Inc. (Piedmont), a Roanoke firm that performed maintenance on the plane from time to time.

Jones Inc. objected to venue in Lee County. In addition, both Jones Inc. and Piedmont filed pleas of the statute of limitations.

The case was transferred to the Circuit Court of Washington County. That court held the plaintiff's cause of action was subject to the one-year period specified by Virginia's "catch all" limitations statute for bringing personal actions with respect to which no limitation is otherwise prescribed. Va. Code § 8.01-248. Because the

---

[1] A passenger in the plane was also killed. Her death was the subject of an earlier appeal to this Court. *Kelly v. R. S. Jones & Assoc.*, 242 Va. 79, 406 S.E.2d 34 (1991).

plaintiff had not filed the cause of action within one year of the date of Ben Jones' death, the court sustained the pleas of the statute of limitations and dismissed the plaintiff's motion for judgment.

Jones Inc. and Piedmont (collectively, the defendants) contend that the trial court properly applied the one-year limitation prescribed by Va. Code § 8.01-248. On the other hand, the plaintiff contends that she is entitled to a two-year limitation, determined by applying either Va. Code § 8.01-244 or Fla. Stat. Ann. § 95.11(4)(d), both of which relate to actions for wrongful death.

In *McMillan v. McMillan*, 219 Va. 1127, 253 S.E.2d 662 (1979), we declined an invitation to adopt the so-called "most significant relationship" test, recommended by *Restatement (Second) of Conflicts of Laws* §§ 145, 146 (1971), for resolving conflicts of laws arising in multistate tort actions. 219 Va. at 1129, 253 S.E.2d at 663. We said that we would adhere to the lex loci delicti, or place of the wrong, standard that had been "the settled rule in Virginia." *Id.* at 1128, 253 S.E.2d at 663. According to the settled rule, "the *lex loci* will govern as to all matters going to the basis of the right of action itself, while the *lex fori* controls all that is connected merely with the remedy." *Maryland v. Coard*, 175 Va. 571, 580-81, 9 S.E.2d 454, 458 (1940) (quoting 5 R.C.L. 917 (1914)). In other words, in this case, we apply the substantive law of Florida, the place of the wrong, and the procedural law of Virginia.

The parties agree that this is the proper rule, but they disagree about what is substantive and what is procedural. Specifically, the disagreement is over Florida's statute of limitations concerning wrongful death cases, with the plaintiff contending the statute is substantive and, therefore, applicable to the present case, and the defendants saying it is procedural and, hence, inappropriate here.

Because no right of action for wrongful death existed at common law, statutes that created the right usually contained a "built in" limitation prescribing the time within which the action must be brought. Although the Florida statute that originally created the state's cause of action for wrongful death had a "built in" limitation, the statutory provisions relating to the cause of action and those relating to the limitation have been separated for many years.

Florida's present wrongful death act consists of Fla. Stat. Ann. §§ 768.16 through 768.27. The limitation is found in Fla. Stat. Ann. § 95.11, in this language:

Actions other than for recovery of real property shall be commenced as follows:

. . . .

**(4) Within two years.—**

. . . .

(d) An action for wrongful death.

So far as our research discloses, the Supreme Court of Florida has not addressed the precise question whether that state's wrongful death limitation is substantive or procedural. In *Colhoun v. Greyhound Lines, Inc.*, 265 So.2d 18 (Fla. 1972), the Court stated that "[s]tatutes of limitations traditionally have been considered procedural matters; as such, the limitation of action law of the forum is applicable." *Id.* at 20. However, this statement was made in the context of a personal injury suffered in a bus crash in Tennessee and a resulting action filed in Florida sounding both in tort and contract. The Florida wrongful death limitation, in issue here, was not implicated in any way.[2]

Citing *Davis v. Mills*, 194 U.S. 451 (1904), Jones Inc. argues that, while it may not be essential that the limitation period is an actual "part of the section . . . which creates the liability," the limitation must refer "to [the liability] section in terms" which make it unmistakable that the limitation "is as much a part of [the section] as if it had been contained [therein]." Jones Inc. points out that the Florida limitation provision "in no way 'refers to the [wrongful death] section in terms.' " Jones Inc., joined by Piedmont, also points out that, by contrast, Virginia's wrongful death statute, Code § 8.01-50, specifically cross-references the two-year limitation contained in § 8.01-244 and that, in turn, § 8.01-244 cross-references § 8.01-50.

---

[2] Interestingly, a United States district judge has ruled that Florida's wrongful death limitation is " 'procedural,' rather than 'substantive.' " *See Tennimon v. Bell Helicopter Textron, Inc.*, 823 F.2d 68, 71 (5th Cir. 1987). The correctness of this ruling was not reached on appeal. *Id.* at 71 n. 2. Another district judge has held that Florida's wrongful death limitation is substantive. *See Tomlin v. Boeing Co.*, 650 F.2d 1065, 1067 (9th Cir. 1981). The Court of Appeals reversed on other grounds without resolving the substantive-procedural dichotomy, but did observe that "[o]ne could well conclude that the Florida statute is procedural." *Id.* at 1070.

In a conflict-of-laws context, the United States Supreme Court stated the following in *Davis v. Mills*:

[T]he fact that the limitation is contained in the same section or the same statute is material only as bearing on construction. It is merely a ground for saying that the limitation goes to the right created and accompanies the obligation everywhere. *The same conclusion would be reached if the limitation was in a different statute, provided it was directed to the newly created liability so specifically as to warrant saying that it qualified the right.*

194 U.S. at 454 (emphasis added).

We think the limitation contained in Fla. Stat. Ann. § 95.11(4)(d) is directed so specifically to the right of action provided by the state's wrongful death act as to warrant saying that the limitation qualifies the right. Indeed, if the limitation is not so directed, one is constrained to ask, to what else could it possibly be pointed? The language, ''[a]n action for wrongful death . . . shall be commenced . . . [w]ithin two years,'' is, to borrow from *Davis v. Mills*, ''so specific that it hardly can mean anything else [than a qualification upon the newly created liability].'' 194 U.S. at 455. Hence, we find the limitation substantive and applicable to provide the plaintiff a two-year period for the filing of her action.

The presence of such a specific limitation distinguishes the present case from *Sherley v. Lotz*, 200 Va. 173, 104 S.E.2d 795 (1958), which, the defendants say, is controlling, in their favor. In that case, a passenger, who was injured in an automobile accident in Tennessee on June 5, 1953, died from the injuries on November 15, 1953. A motion for judgment seeking damages for the death was based upon Tennessee statutes which ''preserve[d] from abatement or extinguishment the right of action which a person dying from the wrongful act of another would have had against the wrongdoer had death not ensued.'' *Id.* at 175, 104 S.E.2d at 797. These statutes contained no specific period of limitation for bringing an action, but, as our opinion notes, ''[t]he Tennessee court has consistently held that the general statute of limitations of one year from date of injury applies to all actions for personal injuries in that state.'' *Id.*

This Court said that these facts brought the limitation question within the rule recognized in *Norman v. Baldwin*, 152 Va. 800, 805, 148 S.E. 831, 833 (1929), where we quoted *7 William M. Fletcher, Fletcher Cyclopedia of the Law of Private Corporations* § 4244 (1919), as follows:

> "Where the statute imposing the liability and creating the remedy does not itself limit the time within which an action to enforce it must be brought, but leaves the matter to be governed by the *general statute of limitations*, the laws of the forum will govern in determining whether an action brought in [the forum state] is barred, since *general statutes of limitation* relate to the remedy and have no extra-territorial force."

(Emphasis added.) *Sherley*, 200 Va. at 175, 104 S.E.2d at 797. This Court then ruled that the one-year limitation from the date of the accident, contained in Virginia's "catch all" statute, now Code § 8.01-248, rather than the one-year limitation from the date of the death, contained in the wrongful death statute, now § 8.01-50, barred the plaintiff's claim. *Id.* at 177-78, 104 S.E.2d at 798-99.

While this Court in *Sherley* did not involve itself in the substantive-procedural dichotomy, or even mention it, there is no doubt the Tennessee limitation was considered procedural rather than substantive. This is made clear from the reference to the Tennessee court's application of its "general statute of limitations," *id.* at 175, 104 S.E.2d at 797, and from the reference to *Norman v. Baldwin* and its emphasis on "general statutes of limitation," *id.*

We think this Court in *Sherley* correctly considered the Tennessee limitation procedural rather than substantive. The limitation was contained in Tenn. Code Ann. § 8595, which provided that

> [a]ctions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, and statutory penalties, [shall be brought] within one year after [the] cause of action accrue[s].

In our opinion, the Tennessee statute lacked the specificity that *Davis v. Mills* propounds as the test for "saying that [a limitation provision] qualified [a newly created] right." 194 U.S. at 454.

For the reasons assigned, we will reverse the judgment of the trial court, reinstate the plaintiff's motion for judgment, and remand the case for further proceedings.

*Reversed and remanded.*