## CIRCUIT COURT OF WARREN COUNTY

Frances Sneath

v.

Conair Corporation

October 28, 1994

Case No. (Law). 93-203

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court for a ruling on the defendant's demurrer to the motion for judgment on the basis that Virginia does not recognize strict liability in tort under the Restatement (Second) of Torts § 402A. Upon consideration of the argument of the parties and their memoranda of authorities, the Court has decided to sustain the defendant's demurrer.

### I. *Statement of Material Facts*

The following facts are alleged in the motion for judgment. The plaintiff, who now resides in Warren County, Virginia, purchased a Conair curling iron in Nassau County, New York, in 1990. On November 15, 1991, plaintiff alleges that the curling iron broke due to a manufacturing defect and a heated portion of the curling iron struck her right eye thereby injuring her. The plaintiff has filed a two count motion for judgment to which the defendant has filed a demurrer to any right of action asserted based on the Restatement (Second) of Torts, § 402A. The plaintiff claims that New York applies strict liability in tort under Restatement (Second) of Torts § 402A, and, for the purposes of this decision, the Court has assumed that to be the case without so deciding that to be true.

## II. *Conclusions of Law*

In considering a demurrer the Court must apply "the settled rule that a demurrer admits the truth of all well-pleaded material facts. All reasonable inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading." *Russo v. White*, 241 Va. 23, 24, 400 S.E.2d 160 (1991), quoting *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373 (1988). The Supreme Court recently reviewed the principles governing the trial court's ruling on a demurrer in *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993). Having examined Count I of the motion for judgment and drawing "all reasonable inferences fairly and justly drawn from the facts alleged . . . in aid of the pleadings," it would appear that this is a strict liability in tort claim.

Under Virginia conflict of law rules the forum state, which here is Virginia, applies its law to ascertain whether the issues presented are ones of contract or ones of tort. If it is a tort action, the place of the wrong determines the substantive issues of tort liability, and, if it is a contract claim, the place where the contract was entered into and executed, which in this case is New York, would apply. *See Buchanan v. Doe*, 246 Va. 67, 71, 431 S.E.2d 289 (1993); and *Jones v. R.S. Jones & Associates*, 246 Va. 3, 431 S.E.2d 33 (1993). Therefore in this case, the substantive law of the state of Virginia governs any tort claim asserted by the Plaintiff.

The manufacturer of any product has a duty to exercise ordinary care in the manufacture of the product, to use safe materials in its manufacture and to make reasonable tests and inspections to determine any latent hazard in the product. *Carney v. Sears, Roebuck & Co.*, 309 F.2d 300 (4th Cir. 1962); *Turner v. Manning*, 216 Va. 245, 251, 217 S.E.2d 863 (1975).

"Virginia law has not adopted § 402A of the Restatement (Second) of Torts and does not permit tort recovery on a strict-liability theory in products-liability cases." *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 424, f. 4, 374 S.E.2d 55 (1988).

## III. *Decision*

For the foregoing reasons, it is adjudged and ordered that the defendant's demurrer to any strict liability right of action asserted by the plaintiff is sustained.