## CIRCUIT COURT OF THE CITY OF RICHMOND

Margaret A. Hathaway,
Adm'x, etc.

v.

Warner-Lambert, Inc., et al.

November 24, 1998

Case No. LE-1087-4

BY JUDGE RANDALL G. JOHNSON

This wrongful death case is before the court on an objection to venue. At issue is whether the cause of action, or any part thereof, arose in the City of Richmond.

Plaintiff alleges that her decedent's death was caused by the negligence of decedent's treating physician and three pharmaceutical companies, all of whom, as well as the treating physician's medical group, are named as defendants. So far, only decedent's treating physician and his medical group have been served with process, and it is only their objection to venue that is now before the court.

The alleged negligence involves a prescription drug known as Rezulin or Troglitazone, which decedent's doctor prescribed in treating decedent's diabetes. For purposes of the venue question, the parties before the court have stipulated that (1) each of the defendant pharmaceutical companies is a foreign corporation that does business in Richmond and that will be served through the Secretary of the Commonwealth in Richmond; (2) neither decedent's treating physician nor his medical group, both of whom are Virginia residents, has any contact with Richmond that makes Richmond a proper venue; (3) all of the acts and/or omissions that plaintiff contends constituted malpractice by decedent's treating physician and his group occurred in the City of Fredericksburg; and (4) on April 21, 1998, plaintiff's decedent was admitted to the Medical College of Virginia Hospitals in Richmond and remained there

until her death on May 9, 1998. Plaintiff alleges that her decedent's hospitalization and death were proximately caused by the negligence of the defendants.

Virginia Code § 8.01-262 allows suit to be filed, among other places, "[w]herein the cause of action, or any part thereof, arose." It is plaintiff's position that since death is an essential element in a claim for wrongful death, death is part of the cause of action and venue is proper where the death occurred. Defendants argue that death is not a part of a wrongful death cause of action and that venue is not proper in Richmond. Defendants are correct.

In *Seymour and Burford Corp. v. Richardson*, 194 Va. 709, 75 S.E.2d 77 (1953), our Supreme Court made it clear that Virginia's wrongful death statute creates a *right* of action and not a *cause* of action:

> It is frequently the case that more or less confusion arises from a failure to distinguish between the cause and the right to action. "A cause of action is said to accrue to any person when that person first comes to a right to bring an action. There is, however, an obvious distinction between a cause of action and a right, though a cause of action generally confers a right … ."
>
> A right of action is the right to bring suit in a case and may be taken away by the running of the Statute of Limitations, through an estoppel, or by other circumstances which do not affect the cause of action … .
>
> The cause of action means the act or omission constituting the violating of duty complained of … .
>
> The cause of action contemplated by our [wrongful death] statute is not the death itself, but the tort which produces the death, and this is the same cause of action for decedent's injuries, and, as such, subject to its infirmities as an actionable cause.
>
> In *Hoffman v. Stuart*, 188 Va. 785, 791, 51 S.E.2d 239, 242 … we said: "It is made plain in the later cases … that it is the cause of action of the injured person that the personal representative prosecutes."

194 Va. at 713-14 (emphasis added, citations omitted).

Similarly, in *Sherley v. Lotz, Adm'r*, 200 Va. 173, 104 S.E.2d 795 (1958), the Court said:

> While the statute, strictly speaking, may not create a new cause of action, it continues, transmits or substitutes the right, with certain

limitations stated in the cognate statutes, to bring the action which decedent had at the time of his death.

210 Va. at 140. *See also, Lawrence v. Craven Tire Co.*, 210 Va. 138, 140, 169 S.E.2d 440 (1969).[1]

And in *Grady v. Irvine*, 254 F.2d 224 (4th Cir. 1958), the court said:

Unlike the courts of many other states, the Supreme Court of Virginia construes its wrongful death statute as creating no new "cause of action" but a "right of action" where no right before existed. The "cause of action" is said to be complete and accrued the moment the tort is committed, but the "right of action" for wrongful death does not arise during the continued life of the injured person, nor does the injured person's "right of action" for personal injury survive his death, if death results from the injury.

254 F.2d at 227.

While not binding, Grady's holding is consistent with this court's reading of the Virginia Supreme Court cases discussed above. Because death is not part of a cause of action for wrongful death and because no part of the cause of action in the case-at-bar arose in Richmond, plaintiff cannot rely on the "cause of action" provision of Va. Code § 8.01-262 to establish venue in Richmond.

Finally, plaintiff argues that even if the court holds as it just has, Va. Code § 8.01-263 still makes Richmond a proper venue. The court disagrees.

Virginia Code § 8.01-263 provides:

In actions involving multiple parties, venue shall not be subject to objection:

1. If one or more of the parties is entitled to preferred venue and such action is commenced in any such forum; *provided that in any action where there are one or* more *residents and one or more nonresidents or parties unknown, venue shall be proper (preferred or permissible, as the case may be) as to at least one resident defendant;*

2. In all other cases, if the venue is proper as to any party.

---

[1] The statute referred to in Sherley was Va. Code § 8-633, a predecessor to § 8.01-50, the present wrongful death statute. For purposes of the issue now under consideration, the two statutes are identical.

Emphasis added.

In *Richardson v. Guffey*, 24 Va. Cir. 423 (1991), this court held that the portion of the statute italicized above applies to *all* actions, not just actions in which a party is entitled to preferred venue as plaintiff argues. The court adheres to that ruling now. Indeed, in addition to the clear language of the present statute ("in any action"), a reading of former Va. Code § 8-38(7), upon which the present statute is based, makes it clear that the General Assembly's "protection" of resident defendants is not confined to cases of preferred venue. Section 8-38(7) provided:

> If [an action] be against a defendant who resides without this State, [venue is proper] wherein he may be found and served with process, or may have estate or debts due him, *provided, however, that nothing contained in this section shall be so construed as to permit the joining of a domestic corporation or resident individual as co-defendant with a foreign corporation or nonresident individual in a jurisdiction where such domestic corporation or resident individual could not be sued.*

Emphasis added.

Since Richmond is not a proper venue as to either of the resident defendants, the action must be transferred. The objection to venue will be sustained.

### Order

This cause came on November 19, 1998, on defendants Mark A. McClanahan's and Diabetes and Thyroid Associates, PC's objection to venue and was argued by counsel. Upon consideration whereof and for the reasons stated in the letter opinion dated this date, it is ordered that the objection to venue is sustained, and this case is transferred to the Circuit Court of the City of Fredericksburg, plaintiff's objection being noted.