# CIRCUIT COURT OF FAIRFAX COUNTY

Pamela Tanner et al.

    v.

Mobil Oil Corp.

               Case No. (Law) 175162

Brian Westbrook

    v.

Mobil Oil Corp.

               Case No. (Law) 175163

Malcolm Bastion et al.

    v.

Mobil Oil Corp.

               Case No. (Law) 175164

Dorothy Bell et al.

    v.

Mobil Oil Corp.

               Case No. (Law) 175165

               July 26, 2000

BY JUDGE ARTHUR B. VIEREGG

This opinion letter involves four virtually identical motions for judgment filed by Brian Westbrook, a former employee of Mobil, S.A., a South African corporation, and by the relatives of Pamela Tanner, Malcolm Bastion, and Dorothy Bell, three deceased former employees of Mobil, S.A. In each motion for judgment, it is alleged that the employees worked at Mobil, S.A.'s oil refinery in Durban, South Africa, and that they contracted asbestosis in the course of performing their duties there. In these actions, plaintiffs seek to recover damages against defendant, Mobil Oil Corporation, the parent of Mobil, S.A. These cases came before me for argument on Friday, July 13 on Mobil Oil Corporation's demurrers to the four motions for judgment and upon Mobil's motion for dismissal of each of the actions without prejudice pursuant to Va. Code § 8.01-265 maintaining that the Circuit Court of Fairfax County is a *forum non conveniens*. After considering the papers filed by the parties and considering the arguments of counsel, I am ready to decide each of these motions.

## *Demurrers*

It has been stipulated by plaintiffs both that their causes of action state only tort actions arising under South African law and that their causes of action are not based on single entity corporate law principles, i.e., that defendant Mobil Corporation's dominance of it subsidiary, Mobil, S.A., requires Mobil Corporation to be liable for the tortious activity of Mobil, S.A. The plaintiffs contend that Mobil Corporation's liability arises from Mobil's own tortious conduct.

The plaintiffs have made the following specific allegations as to such conduct and breach of duties which undergird their claims:

1. Mobil allowed the refinery to be operated in a fashion that caused or allowed those working there to be exposed to asbestos dust and fiber;

2. High levels of asbestos dust and fibers were allowed to get into the work place atmosphere;

3. Wholly inadequate ventilation and exhaust systems were used to remove asbestos dust from the work place atmosphere;

4. No warnings were placed on any of the bags of asbestos so as to warn those handling or packing the bags as to the dangerous nature of their contents;

5. No respirators or other protective clothing were supplied, or when they were supplied, they were inadequate in number;

6. No or no adequate warnings were given to workers at the refinery as to the dangers of breathing in asbestos dust and fibers;

7. No or no adequate training or system was in place for training workers in the handling of asbestos;

8. There was no or no adequate system to control the level of dust and/or airborne asbestos dust and fibers.

In addition, the plaintiffs allege that Mobil Corporation "stipulated" to the refinery design and conditions. But these conclusory allegations appear to implicate corporate dominance liability theories, precisely those which are not advanced in this case.

I will, nevertheless, overrule Mobil's demurrers for two reasons. As indicated from the bench, Rule 3:16 of the Rules of Court permits the plaintiffs to generally allege negligence, without specifying all the facts giving rise to its negligence claim. The plaintiffs here have taken ample advantage of the rule. Nevertheless, the motion for judgment passed Rule 3:16 muster. Second, and more importantly, Mobil's contention that the plaintiffs have failed to state a duty is in the main premised on Anglo-American legal precepts. And yet, it is now plain that the plaintiffs' causes of action arise only out of South African law, a Dutch/Roman juridic amalgam. Furthermore, the affidavits of the two South African experts dealt more in conclusions as to whether a cause of action existed, and not in the reasoning supporting those conclusions. In such circumstances, I conclude that the facts of the case would have to be developed in accordance with Virginia procedural principles, before a decision could be made with respect to whether or not a cause of action arose under South African law. Mobil's demurrers are accordingly overruled.

Mobil also filed a plea based on limitations. Mobil elected not to argue that matter prior to the adjudication of its demurrer and its motion to dismiss pursuant to Va. Code § 8.01-265.

Virginia Code § 8.01-265 authorizes a court to dismiss an action without prejudice, if the action can be litigated in another more convenient forum. Mobil contends that South Africa constitutes such a more convenient forum, emphasizing that the workers contracted asbestosis while working in a Durban, South Africa, refinery; that their medical records are located in South African; that necessary witnesses, including treating physicians, are there; and that the South African judiciary is better able to deal with this claim, which is governed by South Africa's Roman/Dutch law jurisprudence. Mobil stipulates that it will accept service of process of suit papers filed in South Africa.

In response, the plaintiffs contend that important documents and witnesses are located in the United States, especially in connection with Mobil's alleged

"stipulation" of the design of the Durban refinery specifying use of asbestos. They emphasize that Mobil, whose headquarters have been situated in Fairfax can scarcely claim that suit in the United States is inconvenient. But, the argument urged most strongly is that Virginia's recognition of contingent fee arrangements will enable the plaintiffs to retain counsel to legally address the alleged torts of the defendant. They argue that, while South Africa permits exemplary damages and recovery of attorney's fees, they would be unable to secure counsel who would accept these cases in South Africa, because attorney's fees and exemplary damages which might be awarded at the end of successful litigation are outweighed by the front-end expenses of such litigation.

After considering all of these arguments, I find that Mobil's *forum non conveniens* motion should be granted. First, I reject the plaintiffs' argument that Mobil cannot object to litigating where it is headquartered. That argument fails to take into account the probable hardship that Mobil will have in securing needed discovery and trial witnesses for a trial in the United States. Second, the balance between the two forums tips decidedly in favor of South Africa, the residence of the plaintiffs, the deceased workers, and their physicians; the location of the Durban refinery; and the residence of many witnesses familiar with the construction and maintenance of the refinery. Third, these claims implicate only the public policy of South Africa. South African Courts are especially well-situated to address the legal issues involved.[1] Finally, the plaintiffs have been afforded ample opportunity to allege facts giving rise to their supposed claims. Despite that opportunity, they have failed to do so. Indeed, in the course of oral argument, Mr. Segal unambiguously made plain that the plaintiffs *suppose* that Mobil must have required the design of the Durban refinery but that the plaintiffs have no

---

[1] Illustrative of this circumstance is Mobil Corporation's plea in bar seeking the dismissal of the plaintiffs' claims because they are time-barred by Va. Code § 8.01-245. That issue appears to depend upon whether the Prescription Act of South Africa of 1969 or the Virginia statute of limitations governs the timeliness of these actions. Pursuant to Virginia precedent, that question, in turn, depends upon whether the Prescription Act represents a substantive or procedural law. Moreover, the affidavit of the plaintiff's South African legal authority, Professor David Unterhalter, suggests that even that decision would be decided differently depending upon whether Virginia or South African legal principles were applied. *See, Jones v. R. S. Jones and Assocs.*, 246 Va. 3, 431 S.E.2d 33 (1993). It is better to have such potentially decisive and nuanced issues decided by the court whose laws and public policy are implicated, if that court also is able to exercise jurisdiction.

concrete facts supporting that allegation of fact made in their papers. If this were plainly a meritorious claim made against a probable tortfeasor, based on known not supposed facts, the plaintiffs practical problems in finding counsel in South Africa would be more persuasive. In this case, they are not.

In such circumstances, Mobil Corporation's motion for dismissal without prejudice is granted and this suit shall be dismissed without prejudice, on the following conditions:

1. That this case shall be stayed for 150 days;

2. That, if the plaintiffs, or any of them, file suit papers initiating suit as to their claims in the South African courts within 75 days, within 60 days thereafter, Mobil shall consent to service of process and subject itself to the jurisdiction of the South African Court.

3. That this Court will enter an order of dismissal in accordance with this letter opinion either if (a) the plaintiffs, or any of them, file suit in South Africa within the above 75 day time frame and Mobil Corporation consents to service of process and subjects itself to the jurisdiction of the South African courts in such litigation; or (b) the plaintiffs fail to file suit in South Africa with 75 days of the order embodying this decision.