# CIRCUIT COURT OF THE CITY OF ROANOKE

Jeanette C. Sarver

v.

B. Joseph Prud'homme
and Orthopedic Surgery
of Virginia, Inc.

May 2, 2005

Case No. CL04-1205

BY JUDGE CHARLES N. DORSEY

In this wrongful death action, Dr. B. Joseph Prud'homme and Orthopedic Surgery of Virginia, Inc., the Defendants, move the Court to transfer venue to Montgomery County Circuit Court. This motion is based on two prongs. The first is whether Roanoke City is a permissible venue under Virginia Code § 8.01-262. The second is whether venue should be transferred on a *forum non conveniens* basis under Virginia Code § 8.01-265. Mrs. Jeanette C. Sarver contests this motion and argues that venue is permissibly laid in this Court. Both sides fully and professionally articulated their positions in the briefs and at oral argument.

The Plaintiff bases her claim for venue in this Court on Virginia Code § 8.01-262(4), which permits a plaintiff to file the claim in the city or county "wherein the cause of action, or any part thereof arose." The Plaintiff alleges that the death of Barry E. Sarver in the City of Roanoke makes this Court a permissible forum pursuant to that statute because the location of the decedent's death is where "the cause of action, or any part thereof arose." *See* Va. Code § 8.01-262(4). Conversely, the Defendants argue that Montgomery County is the proper permissible forum because all of the acts of alleged negligence occurred in Montgomery County, thus making Montgomery

County the location where the cause of action arose for purposes of Category B venue. *Id.*

For the reasons stated, the defendants' motion is granted.

## Issue

Although masquerading as a venue issue, the real issue is whether death is part of a wrongful death cause of action. If it is, venue may remain in this Court. The *forum non conveniens* prong of the motion would remain of course, but need not be addressed in light of the ruling on permissible forum. If it is not, venue must be transferred to Montgomery County. *Forum non conveniens*, of course, presumes that the original choice of forum was proper. "If the choice is not proper, the action *must* be transferred." *Norfolk & W. Ry.*, 239 Va. 390, 396, 389 S.E.2d 714, 718 (1990) (emphasis added).

## Analysis

At common law, there was no civil action for wrongful death. *Lawrence v. Craven Tire Co.*, 210 Va. 138, 139, 169 S.E.2d 440, 441 (1969). Virginia plaintiffs obtained the right to maintain a wrongful death action in 1871 when the General Assembly adopted a wrongful death statute, modeled after Lord Campbell's Act that was passed by the British Parliament in 1846. *Id.* Lord Campbell's Act gave a direct right of action to dependents, which was "no doubt a new statutory right." *Street v. Consumers Mining Corp.*, 185 Va. 561, 572, 39 S.E.2d 271, 275 (1946) (quoting *Marks v. Portsmouth Corp.*, (1937) 157 L.T.R. N.S. (Eng.) 261). This right of action was of the same kind as "would have entitled the party injured to maintain an action and recover damages." *Id.*

This legislative history emphasizes the difference between a right of action and a cause of action within the context of the wrongful death statute. This distinction is vital as confusion often arises "from a failure to distinguish between the cause of action and the right of action." *Seymour v. Richardson*, 194 Va. 709, 713, 75 S.E.2d 77, 79 (1953). A "cause of action" is "the act or omission constituting the violation of duty complained of." *Id.*, 75 S.E.2d at 80. In describing when a cause of action arises, the Supreme Court of Virginia has stated, "the cause of action arises when that is not done which ought to have been done; or that is done which ought not to have been done." *Virginia Farm Bureau Mut. Ins. Co. v. Saccio*, 204 Va. 769, 772, 133 S.E.2d 268, 270 (1963). Our Supreme Court made clear "the place where it [referring to the act or omission complained of] occurs is the place where the cause of action

arises." *Id*. Conversely, a "right of action" is "the right to bring suit in a case and may be taken away by the running of the Statute of Limitations, through an estoppel, or by other circumstances which do not affect the cause of action." *Seymour*, 194 Va. at 713, 75 S.E.2d at 80.

In wrongful death cases, the "cause of action . . . is not the death itself, but the tort which produces the death." *Street*, 185 Va. at 572, 39 S.E.2d at 275. Indeed, a wrongful death action is a right of action to enforce a cause of action, in derogation of the common law. *Horn v. Abernathy*, 231 Va. 228, 237, 343 S.E.2d 318, 323 (1986) (quoting *Wilson v. Whitaker, Adm'r*, 207 Va. 1032, 1035-36, 154 S.E.2d 124, 127-128 (1967)). The Fourth Circuit has recognized the Virginia wrongful death statute as creating no new "cause of action" but a "right of action" where no right existed before. *Grady v. Irvine*, 254 F.2d 224, 227 (4th Cir. 1958). The Supreme Court of Virginia has made clear that the "plain meaning and intent of the [wrongful death] statute . . . is . . . to preserve the right of action, which, theretofore, would have been lost, where the injured party died after or before he had brought an action to recover damages for the wrongful act, neglect or default of another person or corporation." *Brammer's Adm'r v. Norfolk & W. Ry.*, 107 Va. 206, 210, 57 S.E. 593 (1907).

Since the wrongful death statute confers a right of action, it must be noted that such right of action is subject to limitations. The wrongful death statute creates a right of action in the personal representative to enforce the decedent's claim for any personal injury that caused the death. Va. Code § 8.01-50; *see generally Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991) (citing *Grady*, 254 F.2d at 227). The statute does not create a new cause of action in the decedent's personal representative, rather "it continues, transmits, or substitutes the right to bring the action which the decedent had at the time of his death." *Lawrence*, 210 Va. at 140, 169 S.E.2d at 441 (quoting *Sherley v. Lotz, Adm'r*, 200 Va. 173, 176, 104 S.E.2d 795, 797-98 (1958)). Accordingly, if a decedent had no right, at the time of death, to maintain a personal injury action, then the personal representative has no right to maintain a wrongful death action. *Id*. Hence, a wrongful death action is necessarily time-barred if, at the time of the decedent's death, her right to assert her personal injury claim, based on the tortious conduct that ultimately caused death, is already time-barred. *Miller*, 932 F.2d at 303 (citing *Lawrence*, 210 Va. at 140, 169 S.E.2d at 441).

The cause of action in this case is the Defendants' alleged negligent medical treatment, all of which occurred in Montgomery County, Virginia. The act or omission claimed is the Defendants' alleged medical negligence and deviation from the requisite standard of care. The death of Mr. Sarver,

although a prerequisite to a wrongful death claim, cannot be the cause of action because the death itself involved no act or omission that establishes negligence. Rather, the death "transmits or substitutes the right [of action], with certain limitations stated in the cognate statutes, to bring the [cause of] action which the decedent had at the time of his death." *Hathaway v. Warner-Lambert, Inc.*, 47 Va. Cir. 399, 400-01 (Richmond 1998) (citing *Sherley*, 200 Va. at 176, 104 S.E.2d at 797). Consequently, Mr. Sarver's death in the City of Roanoke is not the cause of action, and therefore the City of Roanoke is not where the cause of action arose.

Because Mr. Sarver's death is not the cause of action in this case, it cannot serve as the basis for Category B venue pursuant to Virginia Code § 8.01-262(4). Mrs. Sarver's assertion that a "presumption of correctness attaches to a plaintiff's choice of forum" is an accurate statement of Virginia law. Plaintiff's Opposition to Motion to Transfer Venue, p. 2 (citing *Norfolk and W. Ry.*, 239 Va. at 394, 389 S.E.2d at 717). However, this presumption applies when a plaintiff exercises his or her choice of forums as afforded by Virginia statutes. *Norfolk & W. Ry.*, 239 Va. 390 at 394, 389 S.E.2d at 715. As the cause of action arose outside of the current forum and the Plaintiff has no other basis for Category B venue in the current forum, the Plaintiff has no statutory basis for choosing the City of Roanoke as a permissible venue. Mrs. Sarver did not choose venue pursuant to the choices Virginia statutes afford her, and is therefore not entitled to a presumption of correctness. *See* Va. Code § 8.01-260, which states, "the venue for any action shall be deemed proper only if laid in accordance with the provisions of §§ 8.01-261 and 8.01-262." Alternatively, the Court finds such presumption has been rebutted.

I request that Mr. Downs please prepare an order incorporating this opinion, preserving the objections of both parties, transferring venue to Montgomery County, and submit it for entry after endorsement.