**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-1951**
_____

PETER DEMETRIADES; MICHELE DEMETRIADES,

Plaintiffs - Appellants,

v.

PAUL DAVID BRYANT, JR.; SHARON K. BRYANT,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  Glen M. Williams, Senior District Judge.  (1:09-cv-00025-gmw-pms)

_____

Submitted: July 15, 2010          Decided:  July 23, 2010

_____

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Peter and Michele Demetriades, Appellants Pro Se.  Edward G. Stout, BRESSLER, CURCIO & STOUT, Bristol, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Peter and Michele Demetriades appeal the district court's order adopting the report and recommendation of the magistrate judge granting summary judgment in favor of Appellees Paul and Sharon Bryant. For the reasons that follow, we affirm.

Appellants and Appellees entered into a transaction in 2003 wherein Appellees agreed to convey, and Appellants agreed to purchase, a parcel of land described in the purchase agreement as "2100 Industrial Park Dr., Bristol, Tennessee." This address was inaccurate; the actual address of the property is "2100 Industrial Blvd., Bristol, Tennessee." Several months later, Appellants breached the agreement by failing to make payments on the purchase, and in January 2005, a Tennessee state court issued a judgment against them in the amount of their missed installment payments and for repairs of the premises.

In February 2009, some four years after losing in Tennessee state court, Appellants commenced an action in the district court alleging that the erroneous address of the property in the purchase agreement constituted fraud on the part of Appellees under Virginia law. They demanded monetary and injunctive relief. The magistrate judge recommended granting summary judgment in favor of Appellees on statute of limitations grounds, and the district court adopted that recommendation. Appellants noted a timely appeal.

This court reviews grants of summary judgment de novo. Howard v. Winter, 446 F.3d 559, 565 (4th Cir. 2006). Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A federal court sitting in diversity must apply the choice of law rules of the forum state. CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co., 566 F.3d 150, 155 (4th Cir. 2009). In Virginia, procedural rules are governed by the law of the forum state. Jones v. R.S. Jones & Assocs., Inc., 431 S.E.2d 33, 34 (Va. 1993). The two-year statute of limitations for fraud in Virginia, found at Va. Code Ann. § 8.01-243(A) is procedural, and therefore applies in this diversity action.[*]

In fraud cases under Virginia law, the statute of limitations begins to run when the fraud was discovered, or when it could have reasonably been discovered through due diligence. Va. Code Ann. § 8.01-249(1). Thus, while Appellants claim that they did not discover the mistaken address until 2007, the record reveals that they had ample opportunity to notice the

---

[*] We reject the Appellants' contention that Virginia's five-year statute of limitations for breach of contract actions is applicable to their claim.

discrepancy as early as 2003, when they signed the purchase agreement. Because the street sign and address on the property itself indicate that the property was located on "Industrial Blvd." and not "Industrial Park Dr.," a person exercising due diligence could have discovered the discrepancy no later than upon taking occupancy of the premises. The record is silent on exactly when appellants entered the premises, but they did so no later than September 2004, when they were told to vacate for failure to make payments under the purchase agreement. The two year statute of limitations therefore began to run no later than in September 2004, and Appellants did not commence this action in district court until 2009 — well after the expiration of the Virginia statute of limitations for fraud cases.

We have reviewed the record and find no basis for tolling or suspension of the statute of limitations under Virginia law. The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

4