**Mary Jane WALTERS, Executrix of the Estate of Allen H. Walters, Deceased**

v.

**ROCKWELL INTERNATIONAL CORPORATION.**

Civ. A. No. 82–0267–R.

United States District Court, E.D. Virginia, Richmond Division.

March 17, 1983.

Cary L. Branch, Allen, Allen & Allen, Richmond, Va., for plaintiff.

Frederick W. Beck, Lanier Thurmond, Seawell, Dalton, Hughes & Timms, Richmond, Va., for defendant.

MEMORANDUM AND ORDER

WARRINER, District Judge.

This diversity action is before the Court for approval of a settlement arising under North Carolina's Death by Wrongful Act statute. N.C.Gen.Stat. § 28A–18–2. Despite the parties' ability to reach a settlement, one issue remains unresolved. This

issue is whether the law of North Carolina should be applied in distributing the proceeds of a settlement in a case brought under North Carolina's Wrongful Death Act because the cause of action arose in that State or, whether the law of Virginia should be applied in the distribution of such proceeds because all beneficiaries entitled to share in the proceeds are domiciled in and are residents of the Commonwealth of Virginia. The parties' pleadings having been filed, the matter is ripe for determination.

The facts in this case are undisputed. On March 20, 1981, the decedent, Allen H. Walters, was driving north on I–85 near Greensboro, North Carolina. The defendant's employee, also driving northbound in a tractor-trailer, negligently moved into decedent's lane, colliding with decedent and causing him to lose control. The decedent then crossed the median where he was struck once more by a southbound tractor-trailer. Decedent died from injuries sustained in this collision.

Beneficiaries of decedent's estate, whose identities were established in a hearing before this Court on 4 November 1982, are the widow, Mary Jane Walters, and two infant children, Allen Lee, born 6 January 1967, and Elizabeth Anne, born 23 July 1971. All three are now, and were prior to decedent's death, residents of the Commonwealth of Virginia. Further, although decedent was working in North Carolina and was making plans to move his family to North Carolina, he had not at the time of his death changed his residence or domicile from the Commonwealth of Virginia.

■ It is well settled that conflict of laws rules to be applied by federal courts must conform to those prevailing in the State courts of the forum. *Klaxon v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

Virginia courts over the years have steadfastly adhered to the application of *lex loci* with regard to matters of substantive law. In 1973, the Virginia Supreme Court announced:

> In transitory actions, matters of substantive law are governed by the law of the place of the transaction, and matters of remedy and procedure are governed by the law of the place where the action is brought. [citations omitted] The court of the forum state determines according to its own conflict of laws rules whether a question of law is substantive or procedural.

*Willard v. Aetna Casualty & Surety Co.,* 213 Va. 481, 483, 193 S.E.2d 776, 778 (1973). This ruling complements the earlier decision of *Baise v. Warren,* 158 Va. 505, 508, 164 S.E. 655, 656 (1932), in which the Court said,

> [t]he best rule seems to be that the rights of the parties with respect to their causes of action are governed by the *lex loci,* while the admissibility of evidence and the enforcement of those rights are governed by the *lex fori.*[1]

As recent as 1979, the Virginia Supreme Court, in *McMillian v. McMillian,* 219 Va. 1127, 253 S.E.2d 662, was faced with the choice of applying the law of Tennessee or the law of Virginia for negligent conduct arising out of an auto accident. The Court acknowledged the growing popularity of the "most significant relationship" test found in the *Restatement (Second) of Conflict of Laws* §§ 175, 177 (1971). *See, e.g., Shenandoah v. City of Philadelphia,* 438 F.Supp. 981 (E.D.Pa.1976); *Satchwill v. Vollrath,* 293 F.Supp. 533 (E.D.Wis.1968). They said,

> [w]e also note that in the cases of this type involving intra-family disputes, the courts employing such [test] usually apply the substantive tort law of the domicile. [citations omitted]. But after consideration of that concept as compared to our

---

1. This case was brought to recover damages for injuries to plaintiff sustained in an automobile accident allegedly caused by defendant's neglect. Although the accident occurred in North Carolina, the action was brought in Virginia, the domicile of the defendant. The point of controversy was the defendant's conduct while operating the motor vehicle. The Supreme Court found the question of defendant's conduct to be a matter going to the "basis of the right itself." Id. at 508, 164 S.E. at 656. Thus, the law of North Carolina was applied.

place-of-the-wrong rule, we have concluded to adhere to this court's former position on the question.

*219 Va. at 1130, 253 S.E.2d at 664.*

But the case is of no help in resolving the question of which State's remedies should be applied in a wrongful death action since it dealt solely with the substantive law of liability for intra-spousal negligence.

Similarly, *State of Maryland v. Coard,* 175 Va. 571, 9 S.E.2d 454 (1940), gives little guidance to the Court. The question of distribution in accordance with a Maryland statute did not arise since the Supreme Court ruled that the Maryland statute and the Virginia statute were similar in this regard. Further, whatever the Court said about distribution was dictum since no verdict for damages had been rendered at trial.

*Withrow v. Edwards,* 181 Va. 344, 25 S.E.2d 343 (1943), however, illustrates the concern Virginia courts hold that distribution be made under Virginia law. This case deals with a child who was a bastard under the laws of South Carolina, where she was born. Under South Carolina law she would have no right to a distribution from her natural father in intestacy. But at the time of her natural father's death he and she were citizens of Virginia. The Virginia Supreme Court ruled that Virginia's law of descent and distribution would control and under Virginia law she was entitled to distribution despite her status as a bastard. But the case, in fact, is not on point.

*Withrow's* value as precedent, however, is not lost. Application of its holding is found in *Wasley v. Brown,* 193 F.Supp. 55 (E.D. Va.1961) (Hoffman, J.). This case emphasizes the thrust of *Withrow* that Virginia law should be looked to in determining who is a proper distributee. The question in *Wasley* centered around adoption laws. Decedent was adopted under the laws of Colorado. Under Colorado law the distributees of an adoptive child were different from what they would be under Virginia law. In Colorado, a natural sibling of an adopted child would be considered his brother or sister, as the case may be. Under Virginia law, only other adopted or natural children of the adoptive parents would be considered a brother or a sister for purposes of distribution. In this wrongful death action, Judge Hoffman decided that a natural brother of the decedent was not a distributee since under Virginia law he was not a brother of the decedent. Again, Virginia law is looked to in determining one's status as a distributee in a wrongful death action.

The real question in this case is whether North Carolina's distribution scheme is substantive or remedial. The North Carolina wrongful death statute directs that distribution shall be made in accordance with the North Carolina Intestacy Act. N.C.Gen. Stat. § 28A–18–2(a). It could be argued that this indicates the will of the North Carolina legislature that the law of intestacy should control. A part of the law of intestacy is that it is the domiciliary intestacy law which would be applicable in a given case. Thus, even if the North Carolina scheme of distribution set forth in the wrongful death statute were to control, the law of intestacy would require that distribution be made under the Virginia intestacy statutes since it is universally recognized that personal property passing by intestacy passes under the law of the State in which the decedent was domiciled at the time of his death.

But the Court does not believe this is the appropriate path to decision. Instead, the question must turn on whether the identity of a beneficiary is a part of the substantive law of distribution or, whether beneficiary determination may be likened more to the law going to remedy. Thus, it now appears necessary to resolve the question unresolved in *State of Maryland v. Coard, supra.*

▇ While it is perfectly clear that Virginia has not abandoned the law of *lex loci,* preferring its ease of application and predictability, the law of *lex loci* does not deal with remedies. The Court believes on the basis of the above discussed authority and reasoning that a Virginia court would find that while the right to recovery and the limits on recovery are substantive law,

the distribution of the recovery is remedial law. Accordingly, the Court rules that distribution shall be under Virginia law.

The amount of recovery has already been approved by the Court. The Court now rules that after payment of costs and counsel fees, being one-third of the total recovery, each child of the decedent shall receive $1,000 and the balance of the recovery shall be paid to his widow. A scheme of distribution encompassing these principles shall be drafted and submitted to the Court for entry.

And it is so ORDERED.