## CIRCUIT COURT OF STAFFORD COUNTY

In re Estate of
Louis Riso

March 30, 1999

Case No. (Law) 98000173

BY JUDGE JAMES W. HALEY, JR.

The conflicts of law issue here for resolution is whether the class of beneficiaries of the proceeds of a wrongful death claim are to be determined under the law of Virginia or that of New York.

The facts may be succinctly stated. Louis Riso, a resident of Stafford County, Virginia, was killed in an automobile accident in New York State on April 18, 1996. He was survived by his second wife, Kathryn Rose Riso ("Kathryn"), also a resident of Stafford, and two grown non-financially dependent children of a prior marriage, Daniel R. Riso, a resident of New York, and Diane Ficocello, a resident of Illinois.[1]

On June 18, 1996, Kathryn qualified in the Clerk's Office of the Circuit Court of Stafford County as executor of her late husband's will and his estate. In that capacity, she obtained counsel in New York and asserted a claim under the New York Code § 5-4.1, that jurisdiction's wrongful death statute.[2] Kathryn settled the claim for $300,000. That sum was paid, without any designation of beneficiaries, though for the settlement of "all claims," jointly by the insurance carrier for the New York driver and by Louis Riso's insurance carrier. Thereupon, Kathryn filed a Petition for Approval of Compromise

---

[1] Counsel for Daniel R. Riso apparently concedes his client is not financially dependent upon his deceased father and, accordingly, has suffered no pecuniary damages as the result of the death. Diane Ficocello did not respond to the Petition.

[2] Under New York law, a wrongful death action is initiated by "The personal representative, duly appointed in this state or any other jurisdiction ... ." New York Code § 5-4.1.

Settlement in the Circuit Court of Stafford County pursuant to Virginia Code § 8.01-55. That Petition identified her step-children, Daniel R. Riso and Diane Ficocello, as potential beneficiaries, and service of the Petition was obtained on each.

Under Virginia Code § 8.01-53 the first class of beneficiaries of damages for wrongful death is composed of: "(1) the surviving spouse [and] children of the deceased ... ." New York Code § 5-4.4 directs the distribution of wrongful death damages to the heirs of the decedent "in proportion to the pecuniary injuries suffered by them, such proportions to be determined after a hearing ... ." In short, under Virginia law the children of the deceased share in the distribution of wrongful death damages regardless of their financial dependency upon their parent, while under New York law a child must suffer "pecuniary damages" to be entitled to share in such damages.

Kathryn has moved the court to determine whether the Virginia or New York scheme of distribution of wrongful death proceeds is applicable to the instant Petition. She argues, as lies her interest, that the designation of the class of beneficiaries is substantive under Virginia law, that, therefore, the court should look to the law of New York, where the death occurred, and that under New York law she is the sole distributee, as the decedent's surviving children were not financially dependent upon their father. Conversely, of course, Daniel D. Riso maintains that the designation of beneficiaries is procedural and Virginia law is thus applicable, allowing him to share in the distribution of the wrongful death settlement.[3]

In *Frye v. Commonwealth*, 231 Va. 370, 376, 345 Va. 267, 271 (1986), the Supreme Court stated:

> In cases involving choice-of-law questions, Virginia adheres to the use of traditional rules applicable to conflicts of laws. *See McMillan v. McMillan*, 219 Va. 1127, 1129-31, 253 S.E.2d 662, 663-64 (1979) (rejecting the "most significant relationship" analysis adopted by the Restatement (Second) of Conflict of Laws). Under such rules, questions of substantive law are governed by the law of the place of the transaction or where the right is acquired (*lex loci*), while the

---

[3] Under New York law proceeds of recovery in wrongful death actions are distributable in accordance with the laws of the place where the accident occurred. *In re Pearson's Estate*, 195 N.Y.S. 2d 589 (1959). Thus, New York holds distribution schemes substantive, not procedural. Accordingly, the doctrine of *renvoi* in not applicable in the instant case.

questions of procedure and remedy are governed by the law of the place where the action is brought (*lex fori*). *Willard v. Aetna*, 213 Va. 481, 483, 191 S.E.2d 776, 778 (1973) .... We must determine whether the issue to be resolved is one of procedure or substance, and this determination is made in accordance with forum law.

*Id.*, at 376 (citations omitted); see also, *Buchanan v. Doe*, 246 Va. 67, 70-71, 431 S.E.2d 289, 291 (1993).

In *Horn v. Abernathy*, 231 Va. 228, 237, 343 S.E.2d 318, 325 (1986), the court noted that: "A wrongful death action is a *right of action* to enforce a *cause of action*, both created by statute in derogation of the common law. *Wilson v. Whittaker, Adm'r*, 207 Va. 1032, 1035-36, 154 S.E.2d 124, 1270-28 (1967)." (Italics in original.) Neither existed for wrongful death at common law.

As applicable to wrongful death actions, the Supreme Court has held that a statute of limitations is substantive and accordingly a Virginia forum should apply the Florida limitation (where the death occurred) because "the limitation ... is directed so specifically to the right of action provided by the (Florida) wrongful death act as to warrant saying the limitation qualifies the right." *Jones v. R. S. Jones and Assocs.*, 246 Va. 3, 7, 431 S.E.2d 33, 34 (1993). Likewise, in *Dowell v. Cox*, 108 Va. 460, 466, 62 S.E. 272, 274 (1908), the Virginia court applied a North Carolina statute of limitations to a wrongful death action because "the laws of North Carolina govern — certainly as to the extent of the remedy . . ." and "because ... the limitation affects the right as well as the remedy."

*Betts v. Southern Ry.*, 71 F.2d 787, 789 (4th Cir. 1934), deals with a wrongful death action brought in a North Carolina court but applying Virginia law, where the accident resulting in the death occurred. Though the primary issue involved dealt with the effect of an assignment of proceeds under the North Carolina Workmen's Compensation law, the court stated:

In the first place, there is no question but all matters pertaining to the substantive right of recovery under a wrongful death statute, *including the right to recover, the nature of the right*, and the *party in whom it is vested*, are governed by the law of the state where the injury resulting in death occurred.

Emphasis supplied.

In *Withrow v. Edwards*, 181 Va. 344, 347, 25 S.E.2d 343, 345 (1943), the question arose as to whether a child born in South Carolina, and illegitimate under South Carolina law, but legitimatized under Virginia law, could be the beneficiary of a wrongful death action. At the time of the accident in Virginia which resulted in the death, the decedent and the child were residents of Virginia. The court held that the law of Virginia applied and permitted the child to recover, and by so doing at least by inference determined that the class of beneficiaries was one of substantive law.

In 25A C.J.S., *Death*, § 28, p. 632, nn. 70-72, the commentator states that: "The *lex loci delicti* governs the determination of who are the beneficiaries, and the apportionment or distribution of the recovery among such beneficiaries … to the extent that these matters are an integral part of the cause of action and cannot be separated from it." See also 15A C.J.S., *Conflict of Laws*, § 24(4), p. 533, n. 46, and § 22(11), pp. 542-43, n. 76.

On brief, Daniel R. Riso relies upon *Walters v. Rockwell International Corp.*, 559 F. Supp. 47, 49-50 (E.D. Va. 1983). This wrongful death action arose out of a North Carolina accident and all potential beneficiaries were Virginia residents. Under the North Carolina wrongful death statute, the beneficiaries were designated under the North Carolina Intestacy Act. The court states and concludes:

> The real question … is whether the North Carolina's distribution scheme is substantive or procedural … . The question must turn on whether the identity of a beneficiary is a part of the substantive law of distribution or, whether beneficiary determination may be likened more to the law going to remedy … .
>
> The court believes … that a Virginia court would find that while the right to recovery and the limits on recovery are substantive law, the distribution of the recovery is remedial law. Accordingly, the Court rules that distribution shall be under Virginia law.

With all due respect to the view of the judge in *Walters*, this court does not agree. This court believes, based upon the reasoning in *Horn, Jones, Dowell,* and *Betts, supra*, that the provisions of the Virginia Death by Wrongful Act statute, which includes in Va. Code § 8.01-53 the designation of beneficiaries, are indivisible and substantive. A designation of a class of beneficiaries within a statute creating both a cause of action and a right of action which did not exist at common law is more than a remedy. Moreover, unlike *Walters*, neither challenging potential beneficiary is a resident of Virginia.

With such a finding, and, in accordance with the conflicts of law rules enunciated in *Frye, supra*, the beneficiaries are to be determined under New York law. Under the circumstances of this cause, then, the sole beneficiary of the wrongful death action is Kathryn. Under the will of Louis Riso, probated in the Circuit Court of Stafford County, the testator stated:

## ARTICLE FIVE

I have purposely made no bequest, gift or devise ... for my children. My children have reached a station in life in which they are able to comfortably provide for themselves and I am, therefore, providing for the welfare of their children.