## CIRCUIT COURT OF FAIRFAX COUNTY

Steven H. Norwood et al.

v.

Henry's Wrecker Service et al.

September 30, 2004

Case No. (Law) 219686

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

I am writing in reference to the Defendants' Motion in Limine to Limit Non-Economic Damages upon which I heard argument on September 24, 2004. Upon further review of counsels' briefs and my own reading of the cases cited therein, I deny the defendants' motion. I find that the amount of damages is procedural rather than substantive. Therefore, Maryland's cap on non-economic damages does not apply in this case.

*Jones v. R. S. Jones & Assocs.*, 246 Va. 3, 431 S.E.2d 33 (1993), states Virginia's rule on the issue: "the *lex loci* will govern as to all matters going to the basis of the right of action itself, while *lex fori* controls all that is connected merely with the remedy." I find that a cap on damages provides no limitation on the right of action itself. It merely lessens the maximum amount recoverable.

A statute of limitations contained within the statutory creation of a cause of action, in this case wrongful death, has been held to be substantive. But here, the limitation on recovery is not contained within the Maryland Wrongful Death Act. It is a general limitation applicable to all personal injury actions in Maryland, whether statutory or common law. The statute creating the right does not limit the right, and, therefore, the damages cap is procedural. Virginia law will apply, and there is no cap on non-economic damages in Virginia.