## CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Errol P. Hoilett, etc.

v.

Goodyear Tire & Rubber Co. et al.

September 13, 2010

Case No. (Civil) 09/00630-V04

By Judge H. Vincent Conway, Jr.

The issue before the court, on motion of the defendants, is whether the Maryland limitation on non-economic damages in wrongful death actions should be applied in a Virginia wrongful death action under the doctrine of *lex loci*.

As alleged in the complaint, the plaintiff's decedent, a Virginia resident, died in an accident on July 6, 2007, on Interstate 70, near Hagerstown, Maryland, when a Goodyear tire malfunctioned on a 2001 Ford Explorer, purchased in Virginia, went out of control, left the roadway, and crashed. The manufacturers of the car and tire, as well as the dealership that sold the vehicle, deny their liability for the accident and the resulting damage. No Maryland contacts exist with any of the parties other than as the place of the accident.

As agreed by counsel, Virginia follows the *lex loci* rule in its choice of law analysis: the law of the place where the cause of action arose governs. Accordingly, the parties agree that the Maryland wrongful death statute is to be applied in this wrongful death action filed in a Virginia court.

The conflict occurs in discerning the degree to which the law of Maryland applies, since, under the traditional rules applicable to conflicts of law, questions of substantive law are governed by the law of the place where the right of action is acquired (*lex loci*); questions of procedure and remedy are governed by the law where the action is brought (*lex fori*). *Frye v. Commonwealth*, 231 Va. 370, 345 S.E.2d 267 (1986).

The defendants have moved the court to require application of the Maryland cap on non-economic damages, $350,000, in the Virginia wrongful death case. It is argued that the wrongful death statute of Maryland is not a common law cause of action but one created specifically by statute; that the statute creates both the right and the remedy; that the remedy is part of the right and should not be separated or distinguished from the right; that the Maryland courts have determined that its statutory cap is a substantive provision of its wrongful death statute, and that this court must first determine how the foreign state classifies its own laws, and that the only reason the plaintiff has a cause of action is because of the Maryland statute, and that the Virginia court should apply all of its provisions and not seek to "blue line" the Maryland statute by addition or correction.

The plaintiff responds that while the *lex loci* doctrine requires the court to apply Maryland law, this requirement pertains only to substantive law; that this court must determine under Virginia law what is substantive and what is procedural; that Maryland's classification of its cap as substantive is not controlling, but that such a determination must be made only after and by applying Virginia's choice of law rules; that the cap is obviously procedural since it requires the judge to, in essence, grant a remittitur only after a jury has rendered its judgment on full compensation; that while a statute could be written to make the cap part of the right or cause of action, the Maryland wrongful death statute only refers to another general statute limiting non-economic damages in all personal injury actions, and that this separation is meaningful and argues against a finding that the cap is substantive law versus a procedural limitation on a jury's full compensation award; that the public policy supporting the cap in Maryland will not be advanced by applying the cap in Virginia; and that the cap is inconsistent or repugnant to Virginia law which does not limit non-economic damages in wrongful death cases.

The Maryland cap was enacted in response to what the Maryland Governor and legislature perceived to be a crisis in the availability of insurance in Maryland. J. F. Tiu, "Challenging Medical Malpractice Damage Award Caps on Seventh Amendment Grounds: Attacks in Search of a Rationale," 59 *U. Cin. L. Rev.* 213, 227, n. 102 (1990). In addition to creating a cause of action for death by fault, the Maryland statute refers to another statute which governs damages in personal injury actions that contains a limitation or cap on non-economic damages of $350,000. This damage statute states that the jury is not to be informed of the cap but that the court should reduce any damage award recommended by the jury that exceeds the cap.

As indicated, this court is required to apply the law in effect where the cause of action arose, which is Maryland. More precisely, however, the *lex loci* rule requires the application of the substantive law of the foreign jurisdiction, not the adjective or procedural law, which is determined by

the forum court. The parties would appear to agree that the right of action is controlled under *lex loci* by the wrongful death statute of Maryland, notwithstanding the adventitious and limited connection between that state and all of the parties in this case, and that Virginia law will determine the procedure to be used in advancing the Maryland cause of action in Virginia. The precise issue in conflict is to determine whether the Maryland cap is a matter of substantive law or a matter of procedure.

Under Maryland law, the statutory definitions of the damages recoverable in a wrongful death action are clearly recognized as substantive. However, the analysis of what is substantive and what is procedural must be made under Virginia's choice of law principles. Maryland's determination of its limitation as substantive is not controlling. While there are no watertight compartments into which each of these categories may be segregated, and while no Virginia appellate court has addressed this issue definitively, this court concludes that the Maryland cap is part of the substantive law of the cause of action being pursued in Virginia. Therefore, it is controlling and applicable in the Virginia action.

This conclusion is based on an understanding of the nature of a wrongful death action. Such an action did not exist at common law, but is a product of legislative enactment, with substantial variability from state to state. In defining this cause of action, the compensable injuries, as well as the damages recoverable, are integral parts of the right to recover. In creating the substantive right to recover, the legislature defines what kinds of losses and injuries are compensable. This enacted definition of both the damages and the applicable limits does not allow for separation. The damages allowed contain the limitation and do not exist otherwise. This court cannot separate the Maryland cause of action for death by fault from its legislatively defined, though limited, allowable damages and determine the latter to be procedural; the former, substantive. The limitation on non-economic losses for death on a Maryland highway is an integral part of the Maryland wrongful death statute and is, accordingly, a matter of substantive law.

Although Virginia has not directly addressed this issue at the appellate level, several decisions would appear to support the above conclusion by analogy. Virginia has recognized that the statute of limitations, as contained in the Virginia wrongful death statute, is substantive and qualifies the right. Additionally and supportive indirectly is *Walters v. Rockwell Int'l Corp.*, 559 F. Supp. 47 (E.D. Va. 1983), where plaintiff's decedent was killed in North Carolina and suit was filed in Virginia under the North Carolina wrongful death statute. This statute required that the settlement proceeds be distributed in accordance with the North Carolina intestacy statute. In concluding that Virginia law would control on the manner of distribution, the U.S. District Court found that "on the basis of the above discussed authority and reasoning that a Virginia court would find that *while the*

*right to recovery and the limits on recovery are substantive law* (emphasis supplied), the distribution of the recovery is remedial law." Accordingly, in *Walters*, the distribution was controlled by Virginia law as part of the remedy. Because the instant case involves limits "on recovery," this standard supports the application herein of Maryland law on limits of recovery in wrongful death actions. Accordingly, the definitions of, and the limitations on, wrongful death damages are substantive in nature and controlled by the law of Maryland, the place of the wrong.

This court is not unmindful of the case submitted by the plaintiff from the Circuit Court of Fairfax County which found the Maryland cap to be procedural and not substantive on the basis that the cap was not part of the specific wrongful death statute but was contained in another Maryland statute on general damages. *Norwood v. Henry's Wrecker Service* (Fairfax Co. 2004).[1] This court would simply emphasize that the damages referenced in the wrongful death statute are the result of the cause of action created by statute and remain a part thereof. As a product of legislation, a cause of action for wrongful death cannot be created without also creating the allowable remedy and damages covered. There were no damages for wrongful death at common law; if they exist now, they were created by the applicable wrongful death statute, notwithstanding incorporation by reference. Absent the Maryland statute, the plaintiff's decedent would have no cause of action for wrongful death, and it is that statute which created both the right and the referenced damages.

The court has also considered plaintiff's contention that the Supreme Court of Virginia has described the cap on medical malpractice actions as an economic regulation by the General Assembly, setting the outer limits of recovery, and as procedural law, not substantive. This analysis is not challenged, but is inapposite. The wrongful death statute of Maryland was created by its legislature, which defined the wrong and established the limits of recovery. In this court's judgment, this legislatively created cause of action should be distinguished from a common law negligence action upon which a damage limitation is thereafter placed. There are no general damages for wrongful death; the only damages allowable are those created and defined by the legislature.

Finding that both the right and the damages allowable are governed by the Maryland wrongful death statute, the court must next address whether Virginia's public policy, as demonstrated by its omission of any damage limitation in the Virginia wrongful death statute on non-economic damages, precludes application of the Maryland limitation. Conceding the dissimilarity between the Maryland cap and Virginia wrongful death statute on this issue does not alone prompt a conclusion that it is repugnant to the public policy of this Commonwealth. While the economic cap sanctioned by Maryland is inconsistent with Virginia law concerning non-economic

---

[1]     This opinion is printed below at page 474. [Reporter's Note]

damages in wrongful death actions, the general concerns behind the Maryland statute are not dissimilar to those considerations that prompted other states, including Virginia, to enact legislation aimed at limiting damages in medical malpractice cases. Accordingly, this court concludes that the Maryland limitation is not so repugnant to the public policy of this Commonwealth as to be unenforceable in and by a Virginia court.