## CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Mark Quinichett
and Tracy Quinichett Whitehead

v.

Waggy's Towing, L.L.C.,
and Roger Neil Smith

January 10, 2012

Case No. CL 10001020-00

By JUDGE CRAIG D. JOHNSTON

This letter addresses the motion by Defendants to apply the Maryland non-economic cap on damages in a wrongful death suit. The parties agreed in argument that no further facts are required to decide the Motion and that the substantive law of Maryland applies. The issue is whether the Maryland cap on non-economic damages is substantive or procedural.

*Summary of Decision*

I deny Defendants' Motion to apply the Maryland cap on non-economic damages. I find that the cap is procedural and according to Virginia's well-settled conflict of law rules, *lex fori* governs the application of all procedural rules.

*Analysis*

It is settled law in Virginia, and the parties agree, that, in resolving conflict of laws issues in tort actions, "the *lex loci* [*delicti* doctrine] will govern as to all matters going to the basis of the right itself, while the *lex fori* controls all that is merely connected with the remedy." *Jones v. R. S. Jones and Assocs., Inc.*, 246 Va. 3, 5, 431 S.E.2d 33 (1993) (citing *Maryland v. Coard*, 175 Va. 571, 580-81, 9 S.E.2d 454 (1940)). The substantive law of the place of

the wrong is applied, in this case Maryland, and the procedural law of the forum, the Commonwealth, is applied.

The argument, then, is over the determination of what is procedural and what is substantive. More simply, does Maryland's cap on non-economic damages affect the basis of one's right to bring a wrongful death action or does it merely affect the remedy? To establish what is procedural versus substantive, the Court is to apply the law of the forum, thus, the laws of the Commonwealth. *Buchanan v. Doe*, 246 Va. 67, 71, 431 S.E.2d 289 (1993).

In their briefs and argument, the parties correctly point out that the Virginia Supreme Court has yet to address this precise issue; however, two Virginia circuit courts have considered it and have reached conflicting outcomes. *See Hoilett v. The Goodyear Tire & Rubber Co.*, 2010 Va. Cir. LEXIS 107, 81 Va. Cir. 176 (2010) (finding Maryland's cap on non-economic damages substantive and thus applicable); *Norwood v. Henry's Wrecker Serv.*, 2004 Va. Cir. LEXIS 389, 81 Va. Cir. 474 (2004) (finding Maryland's cap on non-economic damages procedural and thus inapplicable). In *Norwood*, in determining that Maryland's cap on non-economic damages was procedural and consequently inapplicable in the wrongful death suit, the opinion focused on the placement of the Maryland cap in the statutory scheme. Material to the analysis is that Maryland's cap is not found in the Maryland Wrongful Death Act. *Id.* at 474. Rather, "it is a general limitation applicable to all personal injury actions in Maryland, whether statutory or common law [and as a result] [t]he statute creating the right does not limit the right and therefore the damages cap is procedural." *Id.* Thus, the opinion found the location of the cap persuasive, and ultimately determinative, on the issue that the cap in no way affects the right of action, but simply affects the remedy by limiting the amount recoverable.

In contrast, the opinion in *Hoilett* cited the decision in *Norwood* but found Maryland's cap to be substantive. In so holding, the opinion focused consideration on the distinction between statutorily created causes of action and common law causes of actions. *Id.* at 179. Particularly, it gave deference to the fact that no general right to recovery exists for statutorily created rights, but rather the only recovery allowable is that which is created by the Legislature. The opinion noted that Maryland's cap is not included in Maryland's Wrongful Death Act, but this does not mean the cap is not substantive, as the cap is referenced with enough specificity to include the cap as a part of Maryland's Wrongful Death Statute. *Id.*

After review of counsels' briefs, argument, and the applicable cases, I agree with the holding in *Norwood*; the Maryland cap on non-economic damages is procedural, and therefore inapplicable. I find this for the following reasons.

I do not find Maryland's cap to affect the basis of the right of action. Application of the cap does not prohibit any party from bringing a wrongful death action. Rather, it acts as a remittitur; a beneficiary may bring the

action, and, after a full hearing, if a jury awards an amount exceeding the cap, the judge is to limit the award pursuant to the provisions in Md. Code, Cts. & Jud. Proc. § 11-108(d). Thus, the substantive rights of the parties are not affected because the cap does not affect the right to bring the action or the trial's proceedings because the jury is not to be instructed of the cap. *See* Md. Code, Cts. & Jud. Proc. § 11-108(d)(1) (stating "in a jury trial, the jury may not be informed of the limitation established under subsection (b) of this section.") Consequently, the cap does not affect the right to bring the action, but simply affects the remedy as it "merely lessens the maximum amount recoverable." *Norwood*, 81 Va. at 474.

Additionally, I agree with *Norwood* that it is persuasive that Maryland's Legislature could have included the cap in the wrongful death statute when the cap was added in 1994, thus removing any ambiguity whether the cap was a part of the right or merely a limitation on the remedy, but rather chose to include the cap in a separate title of the Maryland Code. Therefore, the statutory scheme gives further weight to the notion that the statute creating the right did not create this limitation on the remedy or thereafter qualify the remedy.

Furthermore, the test is not whether, under Maryland law, the cap is substantive or procedural, but whether, under Virginia Law, which is the forum, the cap is substantive or procedural. The Court in *Hoilett*, in finding the cap to be substantive, noted that, under Maryland law, the cap is substantive. 81 Va. Cir. at 178. Although the *Hoilett* Court is careful to note that this is not determinative on the issue, this inquiry is not appropriate for the determination as Maryland's determination of whether the cap on non-economic damages is substantive or procedural has no bearing on Virginia's determination of this issue.

Moreover, I do not find the *Hoilett* decision persuasive as I believe it relies in part on dicta in *Walters v. Rockwell Int'l Corp.*, 559 F. Supp. 47 (E.D. Va. 1983), which I do not find to be applicable here. *Hoilett* cites a "test" applied in *Walters* for distinguishing substantive and procedural law under Virginia law, the Court believes "on the basis of the above discussed authority and reasoning that a Virginia court would find that, *while the right to recovery and the limits on recovery are substantive law*, the distribution of the recovery is remedial law." (*Hoilett*, 81 Va. Cir. at 178-79) (citing *Walters*, 559 F. Supp. at 49-50). The limit on recovery, referenced in the "test" is dicta, as *Walters* did not involve any cap on damages or indeed any limit on recovery, but rather the question of whether the laws of Virginia or North Carolina applied in determining who was entitled to distribution of wrongful death proceeds recovered by an executrix. Thus, the issue actually decided did not involve a limit on the right to sue or on limitations on recovery of any sort, but rather who received proceeds once recovered. There was no further discussion in *Walters* as to why a Virginia court might find a "limit on recovery" to be substantive.

Finally, I do not conclude, as *Hoilett* did, that Maryland's cap on non-economic damages is substantive because it is so entwined with the Maryland Wrongful Death Act that it cannot be separated from the action, therefore making it substantive law. As stated previously, I do not find the cap to be so entwined with the action, especially when viewed in practice, as it does not substantively affect one's right to bring a wrongful death suit or substantively affect one's rights during trial in proving a wrongful death suit. Consequently, the cap does not act as a limit on a right to recover; it serves to merely lessen the amount recoverable, if and only if, the cap is reached.

Defendants also rely on *Spring v. United States*, 833 F. Supp. 575 (E.D. Va. 1993), in support of their argument. *Spring* involved a wrongful death action arising from a plane crash that occurred in Maryland, but Plaintiffs alleged the negligence occurred in Virginia; the dispute narrowed to choice of law. After analyzing the applicable conflict of law rules, the issue became were damages limitations governed by *lex loci*, the substantive law of the place of the wrong, or *lex fori*, the procedural law of the forum. The damages limitation central to this case was the prohibition provided in Md. Code, Cts. & Jud. Proc. § 3-904(e) on parents' recovery for pecuniary losses related to the death of an adult child. Ultimately, the *Spring* Court concluded the damages limitation was substantive, for it affected the parents' right to recover for the wrongful death of an adult child. Here, the issue is not whether parents have the ability to recover for non-economic damages arising from the wrongful death of an adult child, but how much can they recover. The remedy only is after the action has been tried and the jury has returned a verdict because Md. Code, Cts. & Jud. Proc. § 11-108 places a limit on how much one may recover for non-economic damages.

Of interest, Maryland's sister state of Delaware has found under its conflict rules that Maryland's fee cap is procedural, not substantive, and refused to apply the cap in a case where all of the relevant acts occurred in Maryland, but the defendant was a Delaware entity. *See Yoder v. Delmarva Power & Light Co.*, 2003 Del. Super. LEXIS 431 (Del. Super. Dec. 31, 2003). Delaware applies the Restatement choice of law rules; so the analysis does not materially aid the decision in this case. It serves principally to illustrate the fact that different conflicts rules require different analysis and can lead to different results.

For the foregoing reasons, I deny Defendants' Motion to apply the Maryland cap on non-economic damages because I do not find the cap affects one's substantive rights in a wrongful death action, but rather merely affects one's remedy, and, as a result, I find the cap is procedural. Consequently, because I find the cap is procedural, pursuant to Virginia's conflict of law rules, *lex fori* governs, and the Maryland cap does not apply to this action.